IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| PEPI SCHAFLER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-09-1758 |
| HSBC BANK USA, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On July 6, 2009, Plaintiff brought this suit against corporate Defendants HSBC Bank USA and M&T Bank, and individual Defendants Scott D. Miller, Phillips Lytle, David J. McNamara, Michael B. Powers, and James French. Currently pending before the Court are Defendant HSBC Bank USA, Scott D. Miller, Phillips Lytle, David J. McNamara, Michael B. Power, and James H. French's Motion to Dismiss and For Related Relief (Docket No. 8) and Defendant M&T Bank's Motion to Dismiss and For Related Relief (Docket No. 11). The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant motions. The issues have been briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008).

HSBC Bank and M&T Bank both argue that the Court should dismiss the case against it because Plaintiff's claims in this action were already litigated and dismissed in three prior actions and are thus barred by the doctrine of res judicata. Under the doctrine of res judicata, a party is precluded from re-litigating a claim that was litigated or should have been litigated in a previous action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). When applying the principle of res judicata, federal courts give full faith and credit to valid state court

judgments. *See* 28 U.S.C. § 1738 (2006); *In re Genesys Data Techs., Inc.,* 245 F.3d 312, 314 (4th Cir. 2000). In determining whether a state court judgment has a preclusive effect, a federal court applies the law of the state where the judgment was rendered. *Id.* Under New York law, res judicata applies if a party proves that a final judgment has been rendered involving the same parties and the same transaction or series of transactions. *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 (1981).

To the extent that Plaintiff asserts any valid claims, her claims arise out of the November 7, 1985 incident involving her former husband's improper withdrawal of funds, which was extensively litigated in an action before the New York State court in *Pepi Schafler (Summer) v. HSBC Bank USA (Marine Midland) and Manufacturers and Traders Trust Company*, Index No. 94139/87 (N.Y. Sup. Ct., Erie County). A final judgment on the merits was entered against Plaintiff when the New York appellate court granted summary judgment in favor of HSBC Bank in *Schafler v. HSBC Bank USA*, 23 A.D.3d 1083 (N.Y. App. Div. 2005). The New York Court of Appeals and the United States Supreme Court denied Plaintiff's petitions for review. *See Schafler v. HSBC Bank USA*, 6 N.Y.3d 796 (2006); *Schafler v. HSBC USA*, 127 S. Ct. 78 (2006). The Court notes that Plaintiff's allegations include claims that she did not raise in the earlier action, but the doctrine of res judicata precludes parties from litigating any issue that proceeds from the same core of facts. All of Plaintiff's claims, including those that were not raised in the earlier action, arise from the November 7, 1985 incident, which was fully and finally litigated in 2005. *See Schafler*, 23 A.D.3d 1083.

Moreover, the Plaintiff's claims are barred by the statute of limitations. Plaintiff's claims are subject to Maryland's general, three-year limitation period for bringing claims. *See* MD. CODE ANN., CTS. & JUD. PROC. § 5-101 (2007). More than twenty years have passed since the November 7, 1985 incident and the filing of the instant action. Plaintiff's claims can therefore

also be dismissed as time-barred.

Further, Defendants Scott D. Miller, Phillips Lytle, David J. McNamara, Michael B. Powers, and James H. French assert they are not subject to personal jurisdiction in this Court. The Court agrees.  In determining whether the court has personal jurisdiction over non-resident defendants, the court must consider the following factors: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 712 (4th Cir. 2002).

First, none of the Defendants have any ties to Maryland and thus have not availed themselves of the privilege of conducting activities in the state.  Second, Plaintiff's causes of action do not arise out of activities with any of the Defendants in the state of Maryland.  And third, it would not be constitutionally reasonable for this Court to exercise personal jurisdiction over Defendants given that none of the events relevant to Plaintiff's claims took place in Maryland.  Accordingly, Scott D. Miller, David J. McNamara, Michael B. Powers, James French, and Phillips Lytle are not subject to this Court's jurisdiction.

Accordingly, the Court grants Defendants' Motion to Dismiss on several grounds.[1]  A separate Order will follow.

   October 19, 2009                                            /s/          
        Date                                           Alexander Williams, Jr.
                                                     United States District Judge

---

[1] The Court acknowledges Defendants' request to impose sanctions against Plaintiff.  Pursuant to Rule 11(c)(1) of the Federal Rules of Civil Procedure, the court can impose sanctions for violations of Rule 11(b) of the Federal Rules of Civil Procedure after the party has received notice and a reasonable opportunity to respond.  A separate Order to Show Cause relating to Defendants' request will follow this Order.